# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>    v.<br><br>WESTPORT CAPITAL MARKETS LLC. *et al.*,<br>    *Defendants*. | No. 3:17-cv-02064 (JAM) |

## ORDER DENYING MOTION TO DISMISS
## PRAYER FOR RELIEF IN FORM OF DISGORGEMENT REMEDY

The SEC has accused Westport Capital Markets, LLC, and its owner Christopher E. McClure of violating the Investment Advisers Act of 1940, 15 U.S.C. § 80b-1 *et seq.* Westport and McClure have moved to dismiss the SEC complaint to the extent that it seeks a disgorgement remedy.

Although the Second Circuit has repeatedly reaffirmed the power of the district courts to order disgorgement in securities actions, *see, e.g.*, *SEC v. Contorinis*, 743 F.3d 296, 301 (2d Cir. 2014), Westport and McClure argue that the U.S. Supreme Court's decision in *Kokesh v. SEC*, 137 S.Ct. 1635 (2017), has invalidated this remedy. They argue that the Supreme Court in *Kokesh* has made clear that disgorgement is a civil penalty that lies outside the equitable powers vested in a federal court by the Investment Advisers Act, and they further argue that the applicable civil penalty scheme for a federal court action by the SEC does not otherwise authorize a penalty of disgorgement.

It is the usual practice of trial courts to address outstanding liability questions before turning to the question of remedy, even when some but not all of the claims have moved to the remedy phases. Deferring decision on whether the Court may enter a disgorgement remedy is

1

appropriate in view of uncertainty about the size of any separate civil penalty that the SEC may seek and whether the SEC will continue to seek disgorgement in addition to any civil penalty imposed. *See* 15 U.S.C. § 80b-9(e); *SEC v. Rajaratnam*, 918 F.3d 36, 44 (2d Cir. 2019) (discussing principles for determining civil penalties). It is also unclear to what extent the SEC may seek disgorgement for strictly victim restitutionary purposes and whether disgorgement for victim restitutionary purposes may retain an equitable character that distinguishes it from disgorgement for deterrent penalty purposes. *See Tull v. United States*, 481 U.S. 412, 424 (1987); *see also* 15 U.S.C. § 80b-9(e)(3)(A) & § 7246(a) (authorizing civil penalties to be paid "for the benefit of the victims of the violation").

A further reason to forbear ruling for now on the defendants' motion is the likelihood that precedent on whether the SEC may continue to seek a disgorgement remedy may change or be clarified in the coming months. By recent summary order the Second Circuit has concluded that "*Kokesh* does not constitute an intervening decision such that our precedent on disgorgement in SEC enforcement proceedings is disturbed" and that any "argument concerning *Kokesh* must therefore await consideration by this Court *en banc* or by the Supreme Court." *SEC v. de Maison*, 2019 WL 4127328, at *1 (2d Cir. 2019).

Now pending before the U.S Supreme Court is a certiorari petition on the issue of "[w]hether the Securities and Exchange Commission may seek and obtain disgorgement from a court as 'equitable relief' for a securities law violation even though this Court has determined that such disgorgement is a penalty." *Liu v. SEC*, No. 18-1501 (petition for writ of certiorari filed on May 31, 2019); *see also* Stephen Bainbridge, Kokesh *Footnote 3 Notwithstanding: The Future of the Disgorgement Penalty in SEC Cases*, 56 WASH. U. J. L. & POL'Y 17 (2018); Daniel B. Listwa & Charles Seidell, Note, *Penalties in Equity: Disgorgement After* Kokesh v. SEC*, 35

Yale J. Reg. 667 (2018). Finally, counsel for the SEC, Westport, and McClure all agreed at oral argument that it would be appropriate to defer consideration of the questions raised in this motion until the remedy phase.

For the foregoing reasons, the Court DENIES the motion to dismiss the SEC's prayer for relief in the form of disgorgement (Doc. #48) without prejudice to renewal during any remedial phase of this litigation.

It is so ordered.

Dated at New Haven this 30th day of September 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge