**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>    *Plaintiff*,<br><br>v.<br><br>WESTPORT CAPITAL MARKETS, LLC, *et al.*,<br>    *Defendants*. | No. 3:17-cv-02064 (JAM) |

# JURY INSTRUCTIONS

## **TABLE OF CONTENTS**

**INTRODUCTION**..............................................................................**3**

**SECTION I. GENERAL INSTRUCTIONS**.............................................**3**

    Role Of Judge And Court .................................................................3

    Burden And Standard Of Proof ........................................................4

**SECTION II. ISSUES IN THIS CASE** .................................................**6**

    Count One – Investment Advising Fraud ........................................6

    Count Two – Willfully False Statements or Omissions ...................10

    Good Faith And Reliance on Regulatory Compliance .....................12

**SECTION III. INSTRUCTIONS FOR DELIBERATIONS** ...........................**14**

    Forms Of Evidence ........................................................................14

    Witness Credibility – General .........................................................14

    Expert Testimony ..........................................................................15

    Possible Penalties .........................................................................16

    Closing Arguments ........................................................................16

    Lawyers' Arguments Are Not Evidence .........................................17

**CONCLUSION**.................................................................................**17**

## INTRODUCTION

Members of the jury, you now have heard all of the evidence. At this point, I will instruct you about the law that applies to this case. You may follow along as I read these instructions aloud, and please feel free to write on these copies—you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the Court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that has been given to you—namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. When you are done deliberating, you will use the verdict form to report your verdict to the Court and the parties.

## SECTION I. GENERAL INSTRUCTIONS

### Role Of Judge And Court

As judge, I perform basically two functions during the trial. First, I decide what evidence you may consider, as you've seen me do throughout the trial.

Second, I instruct you on the law that you are to apply to the facts in this case. These instructions supersede the initial instructions I gave you at the outset of the case, and if any of the lawyers happen to state the law differently from the way I am explaining it to you, you must follow my instructions.

### Burden And Standard Of Proof

Because this is a civil case, the SEC has the burden to prove the facts that are necessary to support its claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, a party must prove that the fact is more likely true than not true. In other words, if you find that the SEC has fallen short of proving a fact is more likely true than not true, or that the weight of evidence is evenly divided between the parties, then you must decide that fact issue for the defendants Westport Capital Markets, LLC, and Christopher McClure. However, if the SEC has proven that a fact is more likely true, even slightly more true than not, then you are to find that party has proven the fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them, as well as the parties' stipulation of fact. A preponderance of

the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented. And whenever I say in these instructions that the SEC must prove a fact or element, what I mean is that the SEC must prove this fact or element by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial where someone has been charged with a crime. This is not a criminal case, and the requirement of proof beyond a reasonable doubt does not apply to a civil case like this one; you should only apply the preponderance-of-evidence standard to the disputed issues in this case.

## Separate Consideration Of Each Defendant

There are two defendants in this case: Westport Capital Markets, LLC, and Christopher McClure. Although some of the evidence in the case may relate to both defendants, you must still consider each defendant separately and decide as to each defendant separately whether the SEC has proved its claims.

Westport Capital Markets, LLC, is a limited liability company. A limited liability company, or LLC, is a legal entity that may be sued and subject to liability. An LLC can only act through its officers, directors, and employees. Westport may be held liable for the actions of these individuals for actions taken

within the scope of their employment. To the extent that you are asked to consider whether Westport acted with knowledge or with intent, you may consider the knowledge or intent of any of Westport's officers, directors, and employees.

## SECTION II. ISSUES IN THIS CASE

There are two claims or "counts" at issue in this case. The first count is for *investment advising fraud*. The second count is for *willful misstatement to the SEC*. Let's consider each one in turn.

### Count One—Investment Advising Fraud

The first claim by the SEC is that the defendants violated Section 206(1) of the Investment Advisers Act. Section 206(1) provides: "[i]t shall be unlawful for an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly to employ any device, scheme or artifice to defraud any client or prospective client."

By way of background, it is important to understand that investment advisers owe a fiduciary duty of loyalty and care to their clients. In particular, an investment adviser must tell any clients about all conflicts of interest which might lead the investment adviser—consciously or unconsciously—to give advice or take other action with respect to a client that is not disinterested.

If an investment adviser intentionally or recklessly fails to tell his clients

about a conflict of interest, then the law considers this failure to be a type of investment advising fraud. The intentional or reckless failure of an investment adviser to adequately advise a client of a conflict of interest violates the law even if there is no evidence that the client was ultimately harmed by the investment adviser's failure to disclose the conflict of interest.

The SEC claims that Westport and Mr. McClure intentionally or recklessly failed to adequately disclose certain conflicts of interest that they had to their clients. According to the SEC, the defendants had a conflict of interest with their clients because the defendants were receiving additional compensation beyond what their clients were paying in agreed-upon advisory fees (specifically, the receipt of compensation from principal selling dealer transactions and compensation from 12b-1 fees relating to mutual funds).

To prove that Westport and Mr. McClure violated Section 206(1) of the Advisers Act, the SEC must prove by a preponderance of the evidence each one of the following four elements:

> (1)    that Westport and Mr. McClure were investment advisers;
>
> (2)    that Westport and Mr. McClure used the mail or the means or instrumentalities of interstate commerce in connection with their conduct;
>
> (3)    that Westport and Mr. McClure failed to make an adequate

disclosure of their conflict of interest to their clients; and

(4)    that Westport and Mr. McClure acted intentionally or recklessly
       when they failed to make the legally required adequate
       disclosure of the conflict of interest.

### The First Three Elements

For purposes of this trial, the parties do not dispute any of the first three elements. Therefore, you may assume that the SEC has proven: (1) that Westport and Mr. McClure were investment advisers; (2) that Westport and McClure used mail or other means or instrumentalities of interstate commerce in connection with their conduct; and (3) that Westport and Mr. McClure failed to make an adequate disclosure of their conflict of interest to their clients. Because these elements are not disputed, you will see that your verdict form has already checked those three elements.

### Element Four: Intentional or Reckless Failure to Disclose

The last element is whether the SEC has proved by a preponderance of the evidence that Westport and Mr. McClure acted *either* intentionally *or* recklessly in failing to adequately disclose their conflict of interest to their clients.

To prove that the defendants acted intentionally, the SEC must prove that they acted with a specific intent to defraud by means of failing to make the

adequate disclosure of their conflict of interest. To act with intent to defraud means to act with knowledge of what one is doing and also with a specific intent to deceive, manipulate, or defraud. Intent to defraud may be inferred from a defendant's statements or conduct.

To prove that the defendants acted recklessly, the SEC must prove that the defendants acted with a high degree of recklessness in failing to make adequate disclosure to their clients. Recklessness is conduct involving more than simple, or even inexcusable negligence or mistake. It is an extreme departure from the standards of ordinary care, which presents a danger of misleading other persons that is either known to the defendant or is so obvious that the defendant must have been aware of it. Recklessness may be established by demonstrating that Westport and Mr. McClure had a reckless disregard for the truth or that they did not have a genuine belief that the information they provided was accurate and complete in all material respects.

As I noted above, in determining whether Westport or McClure acted intentionally or recklessly, the SEC does not need to prove that any client suffered any harm. It is a violation of the law simply for an investment adviser to intentionally or recklessly fail to make adequate disclosure of a conflict of interest even if a client was not actually harmed.

Moreover, as I noted above, there is no dispute for purposes of this trial that

there was a conflict of interest and that any disclosures that Westport and McClure made to their clients about the conflict of interest were not legally adequate. Your focus instead must be on whether Westport and Mr. McClure acted intentionally or recklessly in failing to make legally adequate disclosures. Although Westport and Mr. McClure did not make adequate disclosures, there is some evidence that they made statements to clients in the Forms ADV, and you may consider the nature and scope of any statements or disclosures that they did make in the Forms ADV when deciding whether their failure to make adequate disclosures was intentional or reckless.

### Count Two—Willfully False Statements or Omissions

The second count is a claim by the SEC against Westport and Mr. McClure for making false and misleading statements to the SEC in violation of Section 207 of the Advisers Act. Section 207 prohibits materially false and misleading statements in a registration application or report that an investment adviser is required to file with the SEC. One of the required documents is a registration form called a Forms ADV which is designed to ensure that material information about an investment adviser's practices and policies is disclosed to investors.

To prove that Westport and McClure violated Section 207 of the Advisers Act, the SEC must show by a preponderance of the evidence that:

(1)     Westport and Mr. McClure filed a required registration form or report with the SEC (here, the Forms ADV);

(2)     The form or report Westport and Mr. McClure filed contained an untrue statement of a material fact, or omitted to state a material fact that was required to be stated; and

(3)     Westport and Mr. McClure willfully made a statement that they knew to be untrue or willfully omitted to state a material fact that they knew must be stated.

### The First Two Elements

For purposes of this trial, the parties do not dispute the first two elements. Therefore, you should assume that the SEC has proven: (1) that Westport and Mr. McClure filed Forms ADV; and (2) that the Forms ADV contained untrue statements of fact (answering "no" in Part I of the Forms ADV to a question whether Westport engaged in principal transactions with its advisory clients) and also omitted required information in these forms (not disclosing the receipt of 12b-1 fees from the sale of mutual funds). Because these elements are not disputed, you will see that your verdict form has already checked those two elements.

### Element Three: Willful Misstatement or Omission

Your role will be solely to consider and decide if the SEC has proven the last

of the three elements: that Westport and Mr. McClure acted willfully when they made untrue statements of fact and omitted information from the Forms ADV.

To prove that Westport and Mr. McClure acted willfully, you must conclude that they knew at the time that they made the statements in question that they were untrue or that they knew at the time that they were omitting information that was required to be disclosed.

### Good Faith And Reliance on Regulatory Compliance

Good faith on the part of a defendant is a defense to the SEC's claims. A person who acts on a belief or opinion honestly held is not liable under the Advisers Act merely because his belief or opinion turns out to be wrong unless he acted recklessly to avoid learning the truth. The burden is on the SEC to show on a preponderance of the evidence that Westport and Mr. McClure did not act in good faith.

You have heard evidence at trial about the defendants' relationship with a compliance consulting firm known as Regulatory Compliance, and you may consider these dealings when deciding whether the SEC has proven its claims. Merely the fact that the defendants consulted with Regulatory Compliance does not alone establish that they acted in good faith. Nor does the fact that they consulted with Regulatory Compliance establish good faith if they did not make full disclosure to Regulatory Compliance or if they did not follow the advice received

from Regulatory Compliance. Thus, you may conclude that Westport and Mr. McClure relied in good faith on the advice of Regulatory Compliance only under the following circumstances:

(1)   That before they took the relevant action, Westport and Mr. McClure sought advice in good faith from Regulatory Compliance with the belief that Regulatory Compliance was a competent professional to furnish advice concerning the legality of their conduct,

(2)   That Westport and Mr. McClure made a complete disclosure to Regulatory Compliance of all the relevant facts known to them at the time,

(3)   That Westport and Mr. McClure received actual advice from Regulatory Compliance that their conduct complied with the law, and

(4)   That Westport and Mr. McClure followed the advice they were given by Regulatory Compliance in good faith.

If these four factors are satisfied, you may consider Westport and Mr. McClure's reliance on Regulatory Compliance in determining whether they acted in good faith. But even if these four factors are satisfied, you do not need to

necessarily conclude solely on this basis that they acted in good faith. Instead, you should consider all of the evidence before you before making your ultimate determination whether the SEC has proved that the defendants did not act in good faith.

## SECTION III. INSTRUCTIONS FOR DELIBERATIONS

### Forms Of Evidence

As I advised you at the beginning of this trial, the only evidence in this case is the evidence that was presented by means of witness testimony (including deposition testimony), documentary exhibits, and the parties' stipulation that was introduced during trial. The lawyers' questions, statements, and arguments are not evidence.

There are two types of evidence that you may properly use in reaching your verdict: direct and circumstantial evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

### Witness Credibility—General

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her

14

testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

## Expert Testimony

In this case, I have permitted certain witnesses, specifically Dr. Jindra,

Ms. Murray, and Mr. Server, to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider each witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.

### Possible Penalties

You are to determine only whether Westport and Mr. McClure violated the federal securities laws as I have described them to you. If you find that one or both of the defendants violated the law, it will be my job at a later time to determine what the appropriate remedies or sanctions should be. When you consider whether Westport or Mr. McClure violated the law, you should not consider or speculate about what kind of remedies or sanctions I might impose.

### Closing Arguments

At this point we will interrupt the instructions to hear closing arguments of

counsel. I will conclude the instructions after those summations.

*[BREAK FOR CLOSING ARGUMENTS]*

**Lawyers' Arguments Are Not Evidence**

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence. The lawyers merely presented their arguments about what they contend that the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

**CONCLUSION**

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. Your verdict must be unanimous for each of the findings indicated on the jury verdict form given to you. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

Your verdict should represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.

In the course of your discussion, do not hesitate to re-examine your own

individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Your verdict of course must be based solely upon the evidence developed at this trial, or the lack of evidence. Please bear in mind that all litigants are equal before the law. You should not, therefore, consider any personal feelings you may have about the race, religion, nationality, national origin, sex, sexual orientation, gender identity, age, wealth, lifestyle, or other features of the parties.

When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict. The terms used in the verdict form are discussed here in these instructions, and these instructions must govern your deliberations.

When you go into the jury room to begin your deliberations, you will have exhibits with you shortly, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. Reading the testimony is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the

testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the courtroom deputy or a marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

It is proper to add a final caution: nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now please proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who may escort you if necessary. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must deactivate them during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the internet, e-mail, texting, etc. Further, if at any time a juror departs the jury room to use the facilities or needs to access a cell phone for a personal reason, the other jurors must

immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are put away.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly, and without any prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict. Thank you for your attention.

Dated at New Haven this 13th day of March 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge