UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTPORT CAPITAL MARKETS, LLC, and )<br>CHRISTOPHER E. MCCLURE, )<br>)<br>Defendants. )<br>) | Civil Action No. 3:17-cv-2064-JAM |

**JOINT MOTION FOR POST-TRIAL BRIEFING SCHEDULE**

Plaintiff Securities and Exchange Commission ("Commission") and defendants Westport Capital Markets, LLC ("Westport") and Christopher McClure ("McClure" and together with Westport, "Defendants"), having conferred, respectfully present this proposed schedule for post-trial briefing.

**I.     Background:  Liability Findings.**

In its Complaint (Dkt. No. 1), the Commission brought five claims for relief under the Investment Advisers Act of 1940 ("Advisers Act"), as follows:

Count One:     Violation of section 206(1) [15 U.S.C. § 80b-6(1)] (against Westport and McClure).

Count Two:     Violation of section 206(2) [15 U.S.C. § 80b-6(2)] (against Westport and McClure).

Count Three:   Violation of section 206(3) [15 U.S.C. § 80b-6(3)] (against Westport).

Count Four:    Aiding and abetting Westport's violation of section 206(3) [15 U.S.C. § 80b-9(f)] (against McClure).

Count Five:    Violation of section 207 [15 U.S.C. § 80b-7] (against Westport and McClure).

On September 30, 2019, the Court granted the Commission's motion for summary judgment as to Counts Two, Three, and Four. Dkt. No. 86.[1] The Court denied the Commission's motion for summary judgment as to Counts One and Five. *Id*.

Counts One and Five proceeded to a trial by jury. The presentation of evidence began on March 9, 2020 and concluded on March 13, 2020. On March 16, 2020, the jury returned its verdict, finding the Defendants liable on Counts One and Five.

## II. Proposed Post-Trial Briefing Schedule

As requested by the Court (Dkt. No. 128), the parties have conferred, and respectfully propose the following schedule for post-trial briefing:

1. <u>Fed. R. Civ. P. 50(b) Briefing</u>

Defendants will file any motion and supporting memorandum for judgment as a matter of law or for a new trial pursuant to Fed. R. Civ. P. 50(b) ("Rule 50 Motion") by <u>April 10, 2020</u>. The Commission will file its opposition to any Rule 50 Motion by <u>April 24, 2020</u>. Defendants will file any reply in support of a Rule 50 Motion by <u>May 1, 2020</u>.

2. <u>Motion for Entry of Final Judgment</u>

The Commission will be filing a motion and supporting memorandum for entry of final judgment ("Motion for Final Judgment"), seeking a judgment that provides for the remedies sought in the Complaint. The Court's ruling on any Rule 50 Motion by Defendants may impact the Commission's Motion for Final Judgment. Specifically, if the Court were to grant the Defendants' Rule 50 Motion as to one or both of Counts One and Five, then the Commission's Motion for Final Judgment may be tailored (subject to any rights of appeal), to remaining counts on which liability is established by either or both of the Court's summary judgment ruling or the

---

[1] On February 14, 2020, the Court denied Defendants' motion for reconsideration of its summary judgment ruling as to Counts Two and Four. Dkt. No. 102.

jury's verdict.

The Commission's Complaint seeks disgorgement among other forms of relief. In *SEC v. Liu*, *cert. granted*, 140 S. Ct. 451 (2019), the Supreme Court is considering whether the Commission may seek and obtain disgorgement from a district court as equitable relief for a securities law violation. Oral argument was held before the Supreme Court on March 3, 2020 and a decision is pending.[2]

The parties therefore respectfully request that the Commission's Motion for Final Judgment be due 21 days after the Court's ruling on any Rule 50 Motion or after the Supreme Court's decision in *Liu*, whichever comes later. The Commission respectfully requests 21 days to allow for due consideration of a decision in *Liu* before presenting the Court with remedies briefing.

If Defendants elect not to file a Rule 50 Motion by April 10, 2020, then the parties propose that the Commission's Motion for Final Judgment be due 21 days after a Supreme Court ruling in *Liu*.

The parties propose that opposition and reply briefs relating to the Commission's Motion for Final Judgment be filed in accord with the deadlines provided by Local Rules 7(a)(2) and 7(d).

---

[2] *See* https://www.supremecourt.gov/oral_arguments/argument_transcripts/2019/18-1501_8n59.pdf.

**WHEREFORE**, the parties respectfully request that the Court enter a scheduling order as follows:

Rule 50 Motion:  The jury having returned its verdict on March 16, 2020, the Defendants shall file any motion under Fed. R. Civ. P. 50(b) ("Rule 50 Motion") by **April 10, 2020**. Plaintiff shall file its opposition to any Rule 50 Motion by **April 24, 2020**.  Defendants shall file any reply in support of a Rule 50 Motion by **May 1, 2020**.

Motion for Final Judgment:  Plaintiff's motion for entry of final judgment ("Motion for Final Judgment") shall be due **21 days** after the Court's ruling on any Rule 50 Motion or the Supreme Court's ruling in *SEC v. Liu*, *cert. granted*, 140 S. Ct. 451 (2019), whichever comes later.  If Defendants do not file a Rule 50 Motion, then the Commission's Motion for Final Judgment shall be due 21 days after a Supreme Court ruling in *Liu*.  The parties shall file memoranda in opposition and reply relating to the Commission's Motion for Final Judgment in accord with the deadlines provided by Local Rules 7(a)(2) and 7(d).

Respectfully submitted,                                             March 20, 2020

**SECURITIES AND EXCHANGE COMMISSION**

By its attorneys,

/s *Michael C. Moran*
Michael C. Moran (CT phv08741)
Kathleen Burdette Shields (CT phv04710)
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA  02110
(617) 573-8931 (Moran direct)
(617) 573-8904 (Shields direct)
(617) 573-4590 (fax)
moranmi@sec.gov; shieldska@sec.gov


**WESTPORT CAPITAL MARKETS, LLC
AND CHRISTOPHER E. McCLURE**
By their attorneys,

/s *Brian E. Spears*
Brian E. Spears (ct14240)
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT  06890
203-292-9766
bspears@spearsmanning.com

Richard A. Levan (admitted *Pro hac vice*)
Jon-Jorge Aras (admitted *Pro hac vice*)
LEVAN LEGAL LLC
Two Bala Plaza
Suite 300
Bala Cynwyd, PA 19004
Tel: 610.660.7781
E-mail: richard@levan.legal; jjaras@levan.legal

## CERTIFICATE OF SERVICE

I, Michael Moran, hereby certify that on March 20, 2020, I caused a true copy of the foregoing to be filed through the ECF system and, accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Dated: March 20, 2020                                         /s *Michael C. Moran*
                                                                               Michael Moran